UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVE'S DETAILING, INC. d/b/a THE ALLEN GROUPE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CATLIN INSURANCE COMPANY, INC. | ) ) ) | 1:11-cv-1585-RLY-DKL |
| Intervening Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| XL SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**ENTRY ON CATLIN INSURANCE COMPANY, INC.'S MOTION TO INTERVENE AS PARTY PLAINTIFF**

Catlin Insurance Company, Inc. ("Catlin") moves the court for leave to intervene as a plaintiff in the above-captioned matter. Defendant XL Specialty Insurance Company ("XL Specialty") opposes intervention. For the reasons set forth below, the court now **GRANTS** Catlin's motion.

**I.    Background**

Plaintiff, Dave's Detailing, Inc. d/b/a The Allen Groupe ("TAG"), brought this action against a former liability insurer, XL Specialty, to recover costs associated with a lawsuit in Nevada brought by The Appearance Group ("Appearance") against TAG and some of its employees ("Appearance Lawsuit"). In particular, Appearance asserted tort

1

and breach of contract claims against TAG related to former Appearance employees who were hired by TAG. (Intervenor's Proposed Complaint, Ex. C). XL Specialty provided a Commercial General Liability Aviation Insurance Policy ("XL Policy") to TAG for the period from January 17, 2009, to January 17, 2010. (Plaintiff's Complaint ¶ 8). TAG made repeated demands upon XL Specialty for a defense and/or indemnity pursuant to the XL Policy. (*Id.* ¶ 11). However, after initially agreeing to provide a defense under a reservation of rights, XL Specialty refused to defend or indemnify TAG in the Appearance Lawsuit. (*Id.* ¶¶ 12-13). As a result, TAG alleges breach of contract and bad faith denial of insurance coverage by XL Specialty.

Catlin is an insurance company that provided insurance to TAG for the policy period from January 17, 2010, through January 17, 2011 ("Catlin Policy"). (Intervenor's Proposed Complaint ¶ 6). Pursuant to this policy, Catlin provided a defense for TAG and its employees for the Appearance Lawsuit filed in April 2010. (*Id.* ¶ 18). Catlin alleges that XL Specialty also had a duty to defend TAG and its employees in that lawsuit and its failure constitutes a breach of the XL Policy. (*Id.* ¶¶ 20-21). As a result, Catlin now files this motion to intervene to assert claims for contribution and reimbursement from XL Specialty for defense costs incurred by Catlin in defending the Appearance Lawsuit.

**II.     Discussion**

Catlin moves to intervene pursuant to Federal Rule of Civil Procedure 24(b).[1] Rule 24(b) governs "Permissive Intervention" and states in relevant part:

---

[1] Catlin has not moved to intervene as "of right" under Federal Rule of Civil Procedure 24(a).

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

In fact, "Rule 24(b) vests district courts with considerable discretion when deciding whether to permit intervention by third parties seeking to protect their interests in a particular action." *Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 661-62 (7th Cir. 2001) (citation omitted).

Catlin argues that it has a claim that shares a common question of law and fact with the insurance claims being pursued by TAG against XL Specialty. And it states that its inclusion in the suit will not result in delay or prejudice to the parties but instead prevent unnecessary duplication of judicial and party resources. On the other hand, XL Specialty argues that (1) Catlin's interests are adequately represented by TAG because TAG also seeks to establish coverage under the XL Policy, and (2) intervention will substantially and unnecessarily expand the scope and complexity of the case, thus resulting in prejudice and delay to the original parties.

In sum, when deciding a motion for permissive intervention under Rule 24(b), the "court must consider three requirements: (1) whether the petition was timely; (2) whether a common question of law or fact exists; and (3) whether granting the petition to intervene will unduly delay or prejudice the adjudication of the rights of the original parties." *Pac for Middle Am. v. State Bd. of Elections*, No. 95-c-827, 1995 WL 571893, at *3 (N.D. Ill. Sept. 22, 1995) (citation omitted).

**1.      The Motion to Intervene was Timely**

3

The court evaluates the motion's timeliness under a "totality of the circumstances" test.[2] *United States v. City of Chicago*, 908 F.2d 197, 199 (7th Cir. 1990). At its core, this test is a reasonableness standard in which "potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994).

Here, Catlin has satisfied that test. Catlin moved to intervene less than four months after TAG filed its complaint and less than two weeks after XL Specialty filed its answer. As a result, no significant delay has occurred here and under the totality of the circumstances the motion to intervene is timely. *See Pac for Middle Am.*, 1995 WL 571893, at *4 (finding motion to intervene timely when filed three months after filing of original complaint).

### 2. Common Questions of Law or Fact Exist

Next, the court must determine if Catlin's claims and the main action share a common question of law or fact. But this does not require that *all* questions of fact or law raised by the dispute be common. *Decatur Ventures, LLC v. Stapleton Ventures, Inc.,* No. 1:04-cv-0562, 2005 WL 756170, at *4 (S.D. Ind. Jan. 13, 2005). Instead, a common question of fact or law is sufficient. *See, e.g., Rockies Exp. Pipeline, LLC v. Indiana State Natural Res. Comm'n*, No. 1:08-cv-1651, 2009 WL 395196, at *3 (S.D.

---

[2] XL Specialty does not argue that Catlin's motion is untimely; however, in the interest of completeness, the court will evaluate this factor as well. *See City of Chicago*, 908 F.2d at 199 (stating "[a]n untimely motion will fail even if the other requirements of [Rule 24(b)] are satisfied").

Ind. Feb. 17, 2009) (granting permissive intervention where common question of law concerned whether state commission's authority to conduct an administrative review was preempted by federal law); *JM McCormick Co., Inc. v. Int'l Truck & Engine Corp.,* No. 1:05-cv-146, 2007 WL 1892026, at *4 (S.D. Ind. June 29, 2007) (finding party entitled to permissive intervention where the claim arose from the same set of facts involving plywood and the same question of law as to whether it was defective and breached the implied warranties); *Decatur Ventures*, 2005 WL 756170, at *4 (holding permissive intervention proper where the "structure, strategy, and fraudulent character of the Defendants' scheme is the same as that alleged in the main action and the purported roles of each Defendant remain consistent[]").

Here, Catlin's claim shares common questions of law and fact concerning the issue that is the crux of the matter; that is, whether coverage existed under the XL Policy to require XL Specialty to defend TAG in the Appearance Lawsuit. XL Specialty has conceded that this question of coverage is a common question of law and fact. (XL Specialty Resp. to Mot. to Intervene 7-8). This issue goes to the heart of both complaints and thus is sufficient to satisfy the common question requirement.

### 3. Intervention Will Not Unduly Delay or Prejudice Adjudication

Finally, the court considers whether intervention would cause undue delay or prejudice. Particularly, courts have denied intervention when it would lead to delaying an already lengthy lawsuit or unnecessarily complicate the case. *See, e.g.*, *United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte County, State of Ind.*, 754 F.2d

5

855, 860 (7th Cir. 1985) (upholding denial of permissive intervention in order to avoid likelihood of undue delay and prejudice to the rights of the original parties and avoid prolonging "an already lengthy and tired lawsuit") (citation omitted); *In re Analytical Surveys, Inc. Sec. Litig.,* No. IP-00-0201, 2001 WL 406332, at *6 (S.D. Ind. Apr. 11, 2001) (denying request for permission to intervene where resolution of securities litigation would be impaired by addition of intervenor's derivative claims and civil rights claims because it would "add complexity to an already difficult set of facts and legal issues").

Such delay or prejudice is not present here. It is clear from Catlin's proposed complaint that the evidence presented will substantially overlap with that presented by TAG in the main action. Although additional time may be necessary to adjudicate any issues particular to Catlin, this is not fatal to the motion because "whenever new parties are added, the action will likely take additional time." *Decatur Ventures*, 2005 WL 756170, at *5. Also, Catlin filed its motion almost immediately after the main action had been filed, so its addition should not cause any prejudicial delay. Further, even if "matters become so complex that one side becomes prejudiced, the court may exercise its discretion to structure the litigation in a manner that will restore fairness to the proceedings." *Id.* (citing FED. R. CIV. P. 1; 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1913 (3d ed. 2004)).

XL Specialty argues that allowing Catlin into the lawsuit will create additional issues, such as (1) determining whether the Catlin Policy covered the Appearance

Litigation, (2) calculating how much money Catlin contributed, and how much was required, under the Catlin Policy during the Appearance Lawsuit, and (3) adding XL Specialty's compulsory counterclaim for contribution.  However, this parade of potential issues will not be reached until after the court has determined the coverage of the XL Policy as set forth in the Case Management Plan and should not pose significant problems at this time.

In addition, XL Specialty argues that it is not necessary for Catlin to be a party to benefit from a ruling in favor of TAG because XL Specialty would be estopped to deny the determination of coverage under the XL Policy for TAG if Catlin later sought contribution.  However, this argument misses the converse of this assumption.  If Catlin is unable to intervene and coverage is denied, then it runs the risk of future inconsistent judgments.  By contrast, permissive intervention allows the court to "address important issues in this case once, with fairness and finality." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (finding permissive intervention appropriate where "denial of intervention would in all likelihood have created additional litigation and possibility of conflicting results").  Put another way, intervention allows efficient use of judicial resources and ensures consistency by resolving related issues in a single proceeding.  *Id*.  At bottom, neither of these arguments is persuasive.  Accordingly, the court holds that intervention will not cause any undue delay or prejudice.

### III.     Conclusion

For the reasons set forth above, Catlin's Motion to Intervene (Docket #14) is

**GRANTED**.

SO ORDERED this 31st day of October 2012.

                                              RICHARD L. YOUNG, CHIEF JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distributed Electronically to Registered Counsel of Record